J-S25003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HORACE HARRIOTT | |
| Appellant | No. 1364 MDA 2018 |

Appeal from the PCRA Order Entered July 12, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0002139-2012

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 15, 2019**

Appellant Horace Harriott *pro se* appeals from the July 12, 2018 order of the Court of Common Pleas of Lackawanna County ("PCRA court"), granting in part and denying in part his "Petition for Credit for Time Served."  Upon review, we vacate.

The facts and procedural history of this case are uncontested.[1]  On August 29, 2012, Scranton Police Officers responded to an advertisement for prostitution on Backpage.com posted by a female named "Jenn" listing a telephone number to text for appointments.  Upon arriving at the hotel location arranged through text messages, the female agreed to perform a sexual act in exchange for money.  Officer Edward McIntyre arrested the

---

[1] Unless otherwise specified, these facts come from the PCRA court's September 19, 2018 opinion. **See** PCRA Court Opinion, 9/19/16, at 1-8.

female for prostitution. Upon questioning, the female explained that she had a pimp named "JR" and described him and their arrangement. The officers eventually arrested JR for promoting prostitution. JR was identified as Appellant. A custodial search of Appellant's person yielded ten glassine packets of heroin stamped "fire", two cell phones, including the target phone used to arrange the prostitution, $120.00 in United States currency, and keys to a Honda vehicle. As a result, Appellant was charged with possession with intent to deliver ("PWID"), promoting prostitution, possession of a controlled substance and drug paraphernalia.[2]

On November 4, 2013, Appellant pleaded guilty to PWID and promoting prostitution and the trial court sentenced him, *inter alia*, to a consecutive term of twenty-four to forty-eight months' incarceration for PWID, and sixteen to thirty-six months' imprisonment for promoting prostitution. On December 3, 2013, the trial court modified Appellant's sentence to reflect his eligibility for the Recidivism Risk Reduction Incentive ("RRRI")[3] program. Appellant did not file a direct appeal. Thus, his judgment of sentence became final on January 2, 2014.

On January 8, 2014, Appellant filed a timely first PCRA petition, alleging, among other things, ineffective assistance of counsel. The PCRA court

---

[2] 35 P.S. § 781-113(a)(30), 18 Pa.C.S.A. § 5902(b)(1), and 35 P.S. § 780-113(a)(16) and (32), respectively.

[3] 61 P.S. §§ 4501-4512.

appointed counsel, who subsequently filed a no-merit letter under *Turner*/*Finley*.[4] On May 8, 2017, the PCRA court granted the appointed counsel's petition to withdraw and dismissed Appellant's petition. Appellant appealed to this Court. On October 11, 2017, we dismissed his appeal for failure to file a brief.

On February 1, 2018, Appellant *pro se* filed the instant "Petition for Time Credit and Correct Commitment" ("Second Petition"), which the PCRA court seemingly treated as a PCRA petition.[5] On July 2, 2018, during the pendency of the Second Petition before the PCRA court, Appellant filed a third petition for collateral relief. On July 12, 2018, the PCRA court granted in part and denied in part the Second Petition, concluding that Appellant was entitled to "receive credit for the time period of August 29, 2012 until November 3, 2013," *i.e.*, 432 days. Appellant appealed to this Court. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] It is well settled that the PCRA is intended to be the "sole means of obtaining collateral relief." 42 Pa.C.S.A. § 9542; *see also Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). Even though a petition for time credit challenges the legality of the sentence, it is cognizable under the PCRA. *See Commonwealth v. Davis*, 852 A.2d 392, 399-400 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1197 (Pa. 2005). Accordingly, the PCRA court did not err in treating as a PCRA petition Appellant's petition seeking time credit.

On appeal,[6] to the extent we can discern anything from his incoherent and rambling brief,[7] Appellant appears to challenge only his guilty plea to promoting prostitution and requests a sentence of "time served." Appellant's Brief at 2.

Before we may address the merits of this *pro se* appeal, however, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition (the Second Petition). The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

>(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[6] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

[7] We note with disapproval that Appellant's brief is woefully inadequate because it fails to conform, in any material aspect, with our rules of appellate procedure. Appellant's brief does not contain, *inter alia*, a statement of jurisdiction, statement of the order or other determination in question, a statement of questions involved, a statement of the case, a summary of argument, argument for appellant or a conclusion. **See** Pa.R.A.P. 2111, 2114, 2115, 2116, 2117, 2118, 2119, 2111(a)(9), respectively.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on January 2, 2014. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from January 2, 2014, to file his PCRA petition, the current filing raising time credit issue is facially untimely given it was filed on February 1, 2018.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceeding any exceptions to the one-year time bar. The PCRA court, therefore, lacked jurisdiction to grant Appellant relief on his Second Petition. Accordingly, given the untimeliness of the Second Petition, we are constrained to vacate the PCRA court's July 12, 2018 order.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/15/2019